IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOAN GARCIA (#2009-0045364), | ) | |
| Plaintiff, | ) | Case No: 13 C 5365 |
| | ) | |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| DIAMOND ARNOLD, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders Menard Correctional Center officials to deduct $6.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts at Menard. The claims against Defendant Dart are dismissed without prejudice, as are the due process and equal protection claims. If Plaintiff wishes to proceed against Dart or to proceed with his equal protection and due process claims, he must file an amended complaint by 9/14/2013 that addresses the matters set forth below. The Clerk shall issue summons for Defendants Skieln and Samsung, and the Marshals Service is appointed to serve them. The Clerk shall send Plaintiff a copy of Instructions for Submitting Documents, a Magistrate Judge Consent Form, and a copy of this order. Status hearing set for 10/3/2013 at 9:00 a.m. Defense counsel shall arrange for the telephonic appearance of any incarcerated pro se plaintiff.

## STATEMENT

Plaintiff Joan Garcia brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was detained at the Cook County Jail, Defendants violated his rights to equal protection and due process and to be free from excessive force. Plaintiff alleges that he was subjected to excessive force by Defendants Skieln and Samsung on March 10, 2013. Plaintiff alleges that Skieln punched him in the mouth, kicked him in the face, and stomped on him while he lay on the ground. Plaintiff further alleges that Skieln and Samsung continued to beat and kick him after he was handcuffed. Plaintiff alleges that the beating occurred because he served as a witness in a lawsuit filed by another detainee. Plaintiff makes no substantive claim against Defendant Tom Dart, and names two John Doe Defendants.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.33. The supervisor of inmate trust accounts at Menard Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly

payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Menard inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the court finds that the complaint appears to state a colorable claim against Skieln and Samsung for excessive use of force. *See Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). Plaintiff also appears to state a colorable claim for retaliation. *See Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Skieln and Samsung must respond to the complaint.

Plaintiff has failed to state a claim against Dart. Plaintiff seemingly makes his claims against Dart in his supervisory capacity. Plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Ibid.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Dart holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* does not apply to § 1983 claims. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Ibid.* Supervisors cannot be held liable for the errors of their subordinates. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Ibid.* Some causal connection or affirmative link between the complained-of action and the official sued is necessary for § 1983 recovery. *See Hildebrandt v. Ill. Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Dart was personally involved in, or even aware of, the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

Additionally, while Plaintiff alleges violation of his right to due process and equal protection, he has stated no facts supporting such claims. While Plaintiff does allege that Defendants used derogatory language relating to his ethnic heritage, that in itself does not violate Plaintiff's right to equal protection. *See DeWalt*, 224 F.3d at 612 (verbal harassment and name

calling do not violate the constitution).

The Marshals Service is appointed to serve Defendants. The Marshals Service shall send any necessary service forms to Plaintiff, and Plaintiff shall complete those forms and return them to the Marshals Service. The Marshals Service is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. Address information shall be used only for purposes of effectuating service and shall not be placed in the court file or otherwise disclosed. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff has also named two John Doe Defendants. Plaintiff is advised to conduct discovery as soon as possible after Defendants have entered their appearance to obtain the name of the John Does in question. The statute of limitations for § 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a Plaintiff cannot invoke the relation back principles of Rule 15(c) to replace the John Doe Defendants with a named Defendant after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant or, once defense counsel appears, to defense counsel. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Date: 8/16/2013      /s/ _____
                     Judge Gary Feinerman